IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROYALE ROBINSON                    )
                                   )
        Appellant,                 )
                                   )
v.                                 )     1:08cv1081 (LMB/TRJ)
                                   )
FORD MOTOR CREDIT COMPANY,         )
                                   )
        Appellee.                  )

<u>MEMORANDUM OPINION</u>

The <u>pro se</u> debtor has appealed an order by the bankruptcy court denying her Motion for Turnover of Property and a subsequent order denying her Motion for Rehearing on the Motion for Turnover. For the reasons stated blow, the bankruptcy court's rulings will be affirmed.

**I. Background**

**A. Original bankruptcy.**

The appellant, Royale Robinson ("Robinson"), filed a petition for Chapter 13 bankruptcy on January 21, 2005. Under Chapter 13, an individual debtor whose liabilities do not exceed a certain threshold may set up a debt repayment plan, through a trustee, under court supervision. <u>See</u> 11 U.S.C. §§ 1301-1330. Robinson filed her payment plan on March 24, 2005, and it was confirmed with certain modifications on May 12, 2005.

One of Robinson's creditors was the appellee, Ford Motor Credit Company ("FMCC"), to whom Robinson owed a debt secured by her 2001 Ford Mustang. During the Chapter 13 proceeding, FMCC

and Robinson disputed the amount that Robinson owed FMCC.  That
dispute was resolved in the bankruptcy court's confirmation
order, which fixed FMCC's secured claim at $7,390.40, to be paid
with interest at 9.9% over 42 months.

Robinson complied with the terms of her payment plan for
nearly three years until she was diagnosed with cancer and had
three major surgeries.  Because she was unable to work, the wage
allotment order that was part of the payment plan ceased, and she
became unable to make her periodic payments.  As a result, her
Chapter 13 proceeding was dismissed on January 15, 2008.
According to the bankruptcy trustee's report, at the time of the
dismissal, Robinson had paid off all but $2,062.74 of her debt to
FMCC.

### B. Repossession and Sale of Car.

On February 12, 2008, about a month after the dismissal
order, FMCC repossessed Robinson's car.  On February 13, 2008,
FMCC sent Robinson a notice of its plan to sell the car on March
11, 2008 unless she paid her outstanding debt.  She wrote a
letter to explain her plight.  The letter was received by FMCC,
which responded on March 12, 2008, expressing sympathy for
Robinson but informing her that unless she paid FMCC $5,023.63 by
March 20, 2008, the car would be sold.  This amount was nearly
$3,000 more than the amount that Robinson owed FMCC according to
the bankruptcy trustee's report.  Two days after receiving FMCC's
initial notice, Robinson filed a motion to vacate the dismissal

-2-

Case 1:08-cv-01081-LMB-TRJ   Document 8   Filed 02/20/09   Page 3 of 10 PageID# 41

of her Chapter 13 petition on February 15, 2008.  Finding that
circumstances beyond Robinson's control had caused her to fail to
make her payments, the bankruptcy court vacated the dismissal and
reinstated the bankruptcy on March 14, 2008, with the condition
that Robinson comply with a revised payment plan.  However, for
various reasons inconsequential to this appeal, FMCC apparently
did not receive actual notice of the bankruptcy court's decision
to vacate the dismissal.[1]  As a result, on March 25, 2008, 11
days after the reinstatement of the bankruptcy proceeding, FMCC
sold Robinson's car for $4,700.

    As of the date of the sale, FMCC claimed that the balance
Robinson owed on the car was $4,638.02,[2] and also assessed
$512.50 to Robinson's account for expenses associated with
retaking, storing, reconditioning, and selling the car, as well
as for attorney's fees and costs.  According to FMCC, after the
sale, Robinson still had a deficiency of $450.52.

**C. Motion to Compel Turnover and Ruling in bankruptcy court.**

    On May 23, 2008, Robinson filed a Motion to Compel Turnover

---

[1]These reasons included the bankruptcy court clerk's failure
to mail the reinstatement order to FMCC, possible problems
involving FMCC's registered agent, FMCC's attorney's failure to
closely monitor electronic case filings, and Robinson not taking
any action to notify FMCC herself.

[2]For reasons that are unclear, this sum is less than what
FMCC had claimed Robinson owed on March 20, but still
significantly more than the amount she owed according to the
trustee's report issued upon the dismissal of the original
Chapter 13 proceeding.

-3-

of the car.  At the hearing on the motion, the bankruptcy court
observed that literal turnover - which Robinson had sought - was
clearly impossible because the car had been sold, and that the
court therefore would attempt to fashion an equitable remedy.
Robinson stated that the remedy she was seeking was "the value of
the vehicle."

Although the hearing technically concerned Robinson's Motion
for Turnover, the court addressed the apparent violation by FMCC
of the automatic stay pursuant to 11 U.S.C. § 362.  As the stay
had clearly been violated, most of the testimony and argument at
the hearing concerned whether or not the stay violation was
willful,[3] and specifically whether or not FMCC had received
notice of the reinstatement of the bankruptcy.  Only a small
portion of the time at the hearing was spent on the value of the
car.  FMCC explained that it sold the car for $4,700 due to its
"poor condition."  Robinson, testifying in response to questions
by the court, claimed that the car was actually in "good
condition," as she had just placed new tires on the car and "kept
up with all the services."  She stated that she had bought the
car new, and agreed with Ford's documentation that the car had
113,000 miles on it.  The court did not ask whether Robinson had

---

[3]A finding of willfulness required that FMCC (1) had actual
or constructive knowledge of the stay and (2) intentionally sold
the car.  See In re Cherry, 247 B.R. 176, 188 (Bankr. E.D. Va.
2000), citing In re Strumpf, 37 F.3d 155, 159 (4th Cir. 1994),
rev'd on other grounds, 516 U.S. 16 (1995).

-4-

any evidence of the car's market value, and she did not present any.  Based on the evidence in the record, the court found that FMCC had committed at least a negligent violation of the automatic stay and had also ignored the confirmation order fixing the amount of the debt that Robinson owed FMCC.

Holding that "the estate and the debtor are . . . entitled to be put back in the position they would have been in had the act violating the stay not occurred," the court ordered that, of the $4,700 sale proceeds, FMCC would keep $2,062.74, the amount that the court found Robinson actually owed; Robinson would receive $1,200 to compensate her for the money she spent out of pocket to buy a replacement vehicle;[4] and the remainder of the proceeds, $1,437.26, would go to Robinson's bankruptcy trustee, to be used to pay off other creditors.  The court also prohibited FMCC from assessing any attorney's fees or expenses for keeping and reconditioning the vehicle for sale, given that the sale was wrongful.

As soon as the ruling was announced from the bench, Robinson stated that although she had failed to provide any evidence of the value of her car during her testimony, she could substantiate the value of the 2001 Mustang, and that FMCC had sold it for below its actual value.  The court responded that it would not

---

[4]Robinson testified that she had spent $1,200 to buy a 1994 Chrysler Jeep that was "very unreliable" but was serving as her means of transportation.

-5-

"try cases piecemeal, hear evidence, make rulings and then have the party say, oh, if I had known that was an issue, I would have put on . . ."  However, Robinson was advised that she could move for a new trial within ten days.

Robinson filed a Motion for Re-Hearing, in which she argued that "nowhere in Ford's exhibit is there proof of the value of [the] vehicle," only of what it was sold for, and that § 542 of the Bankruptcy Code (the section governing turnover) requires turnover of either the property in question or its value.  She also argued that the 1994 Chrysler Jeep she had purchased was not a "replacement" because it lacked air conditioning, needed new tires, required mechanical repairs to comply with the Virginia Code, was very old and unreliable, and was not equal to the Ford in "amenities, mileage, reliability, and road readiness."  She did not, however, attach any evidence to support her argument that the Mustang's value exceeded $4,700.  At the hearing on the Motion for Re-Hearing, Robinson again did not present, or describe, any actual evidence regarding the value of the car.  On that record, the court found no circumstances justifying a new trial and denied the Motion for Re-Hearing.[5]

---

[5] Although Robinson was pro se, the court noted that it had given the parties ample notice to conduct discovery and present evidence.  Finding that "the available evidence was fully presented" at the hearing on the Motion to Compel Turnover, the court denied Robinson further relief, holding that there was "an important value in not trying cases piecemeal."

-6-

### D. Appeal.

Robinson's appeal focuses on the bankruptcy court's conclusions as to the value of her car and its replacement and the manner in which the hearings were conducted.  She appeals the bankruptcy court's original decision on her Motion for Turnover on the grounds that the court exceeded the scope of the issues presented in her motion and lacked an evidentiary basis for determining the fair market value of the car and concluding that the 1994 Jeep was a replacement vehicle.  She also appeals the bankruptcy court's denial of her Motion for Re-Hearing.

## II. Standard of Review

A district court reviews a bankruptcy court's conclusions of law <u>de novo</u>, and reviews its findings of fact for clear error. <u>See</u> <u>In re Merry-Go-Round Enters.</u>, 400 F.3d 219, 224 (4th Cir. 2005).

Decisions regarding the granting or denial of a motion to grant a new trial under Fed. R. Civ. P. 59(a), or a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), are reviewed for abuse of discretion.  <u>See</u> <u>Cline v. Wal-Mart Stores, Inc.</u>, 144 F.3d 294, 301 (4th Cir. 1998) (Rule 59(a) standard); <u>Temkin v. Frederick County Commissioners</u>, 945 F.2d 716, 724 (4th Cir. 1991) (Rule 59(e) standard).[6]

---

[6]The Rule 59 standards are relevant because the bankruptcy court construed Robinson's Motion for Re-Hearing as either a 59(a) or 59(e) motion.

## III. Discussion

The bankruptcy court did not err in ruling on the violation of the automatic stay at the hearing on the Motion for Turnover and in determining the appropriate damages. Trial courts have broad discretion to manage their cases, including the authority to raise issues sua sponte. In this case, FMCC had clearly violated the automatic stay, actual turnover of the car was impossible, and both parties had ample opportunity to conduct discovery. Given these facts, it was not an abuse of discretion for the bankruptcy court to address the willfulness of FMCC's actions and the proper measure of damages during the hearing on Robinson's Motion for Turnover.

The bankruptcy court also did not err in "determin[ing] that . . . Robinson had obtained a replacement vehicle." Robinson appears to suggest that the court made a factual finding that her new vehicle was the equivalent of her old one. The record does not reflect such a finding. Rather, the court found that Robinson had obtained this vehicle at her own expense, and consequently ordered that she be reimbursed directly for those costs, rather than have all of the excess sale proceeds go to the bankruptcy trustee for satisfaction of Robinson's other debts. The court made no finding as to the equivalence of the two vehicles, and it is unclear what implication such a finding would have had in any event.

The court also did not err when it used the auction price at

-8-

which Robinson's car was sold to approximate its fair market value, as that was the only clear evidence of its value in the record. The court asked Robinson questions regarding the condition of the car (mileage, whether it was new or used), which she answered. Robinson never indicated that she had any evidence regarding the car's fair market value until after the court had issued its ruling following a lengthy hearing.[7] When it issued its ruling on the Motion for Turnover, the bankruptcy court had only one piece of objective evidence regarding the car's value - its sale price at the auction. Using that price to approximate the value of the car was neither a clear error in factfinding, nor an abuse of the trial court's discretion.

Finally, the bankruptcy court did not abuse its discretion when it denied Robinson's Motion for Re-Hearing. A motion for a new trial under Rule 59(a) may be granted only if the verdict is against the clear weight of the evidence, is based on evidence which is false, or will result in a miscarriage of justice. Cline, 144 F.3d at 301. Similarly, a motion to alter or amend a judgment under Rule 59(e) is appropriate to accommodate an intervening change in controlling law, to account for new evidence not available at trial, or to correct a clear error of

---

[7] Moreover, at no point since the bankruptcy court's decision, either in her Motion for Re-Hearing or in her appellate brief, has Robinson indicated the nature of any evidence she may have as to the car's value, or why the sale price was not a fair approximation.

law or prevent manifest injustice.   <u>Pacific Ins. Co. v. Am. Nat'l</u>
<u>Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998).   The bankruptcy
court did not abuse its discretion in ruling that none of these
grounds existed.   Although Robinson requested a new hearing so
that she could present evidence regarding the car's value, she
never proffered what the evidence would be.   Because the
bankruptcy court had no basis on which it could have concluded
that "manifest injustice" or "a miscarriage of justice" had
occurred at the original hearing, it was not error to deny
Robinson's motion for a new hearing.   Moreover, as the court
noted, Robinson had the opportunity to present any evidence she
had during the original hearing but did not do so.   Robinson was
entitled to, and was given, some deference as a <u>pro se</u> party;
however, the mere status of a party as <u>pro se</u> does not alter the
criteria for granting a motion under Rule 59.   On this record,
the bankruptcy court did not abuse its discretion in denying
Robinson's motion.

### IV. Conclusion

For the above reasons, the bankruptcy court's decision will
be affirmed in an order to be issued with this Memorandum
Opinion.

Entered this 20 day of February, 2009.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

-10-